JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
E-mail:  jboyle@nevadafirm.com
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
E-mail:  kcooper@nevadafirm.com
COTTON, DRIGGS, WALCH,
HOLLEY, WOLOSON & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:     702/791-1912

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SIN CITY MOTOR SPORTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION, a Wisconsin corporation; KOHL'S ILLINOIS, INC., a Nevada corporation; and KOHL'S DEPARTMENT STORES, INC., a Delaware corporation,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**(Jury Demand)** |

Plaintiff Sin City Motor Sports, Inc. ("SCM"), by and through its attorneys James D. Boyle, Esq. and Kimberly J. Cooper, Esq., and the law firm of Cotton, Driggs, Walch, Holley, Woloson & Thompson, hereby alleges and complains as follows:

### I.    SUMMARY OF THE COMPLAINT

1.    This is an action for mark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq. (*the "Lanham Act"*)*, and mark infringement and unjust enrichment under Nevada law, arising from Defendants Kohl's Corporation's ("Kohl's Corp."), Kohl's Illinois, Inc.'s ("Kohl's Illinois") and Kohl's Department Stores, Inc.'s ("Kohl's DSI") (and collectively, "Kohl's") unauthorized use of the mark SIN CITY MOTORSPORTS, INC. and variants thereof (collectively, the "Infringing Mark").

- 1 -

2.      Kohl's has engaged, and is presently engaging in, willful and unauthorized uses of SCM's federally registered mark SC SIN CITY MOTORSPORTS and variants thereof (collectively, the "SCM Mark"), including, without limitation, through advertising, marketing, and sales of infringing goods in its stores (the "Kohl's Stores") and related commercial activities, and through the webpages accessible via the registered domain name www.kohls.com (the "Kohl's Website") and other mediums.  Kohl's actions as alleged herein have infringed, and continue to infringe, the SCM Mark.  SCM therefore seeks: (a) injunctive relief; (b) the recovery of actual, statutory and treble damages; (c) the recovery of Kohl's profits derived from Kohl's unlawful uses of the SCM Mark; (d) the recovery of actual, punitive and exemplary damages; (e) the recovery of SCM's costs and attorney fees incurred herein; and (f) such other relief as more fully set forth herein.

## II.      PARTIES

3.      Plaintiff Sin City Motor Sports, Inc., is a duly registered Nevada corporation, with a principal place of business located in Clark County, Nevada 66159 Galileo Dr., Las Vegas, Nevada 89149.

4.      Defendant Kohl's Corporation is a Wisconsin corporation, which upon information and belief has a principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

5.      Upon information and belief, Defendant Kohl's Illinois, Inc. is a Nevada corporation having a principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

6.      Upon information and belief, Defendant Kohl's Department Stores, Inc. is a Delaware corporation having a principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin.

## III.      JURISDICTION AND VENUE

7.      Jurisdiction in this Court over the First and Second Claims for Relief is proper pursuant to 15 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331 and 1338(a), as the First and Second Claims for Relief arise under the Lanham Act.

- 2 -

8. Jurisdiction in this Court over the Third and Fourth Claims for Relief is proper pursuant to 28 U.S.C. § 1338(b), and on the basis of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the Third and Fourth Claims for Relief arise under Nevada law and are so related to the First and Second Claims for Relief that they form a part of the same case and controversy.

9. Personal jurisdiction over Kohl's Corp. is reasonable as Kohl's Corp. has had substantial, continuous and systematic contacts with the State of Nevada, and/or Kohl's Corp. has purposefully directed its activities to residents of the State of Nevada, which activities have given rise to the claims alleged by SCM herein.  Kohl's Corp. has engaged in intentional actions directed at residents of Nevada by and through Kohl's Corp.'s active operation of brick and mortar department stores (the "Kohl's Stores") within the State of Nevada, and the infringements of the SCM Mark resultant therefrom, which actions Kohl's Corp. knew or should have known would cause harm to SCM as alleged herein.

10. Personal jurisdiction over Kohl's Illinois is proper because Kohl's Illinois is a domestic Nevada corporation.

11. Personal jurisdiction over Kohl's DSI is reasonable as Kohl's DSI has had substantial, continuous and systematic contacts with the State of Nevada, and/or Kohl's DSI has purposefully directed its activities to residents of the State of Nevada, which activities have given rise to the claims alleged by SCM herein.  Kohl's DSI has engaged in intentional actions directed at residents of Nevada by and through Kohl's DSI's active operation of the Kohl's Website, and the infringements of the SCM Mark resultant therefrom, which actions Kohl's DSI knew or should have known would cause harm to SCM as alleged herein.

12. Personal jurisdiction over Kohl's Corp. and Kohl's DSI is moreover proper because Kohl's Corp.'s and Kohl's DSI's intentional actions in infringing the SCM Mark, including, but not limited to, through the operation of the Kohl's Stores and Kohl's Website, are expressly aimed at Nevada, and cause and have caused harm to SCM in Nevada, which harm Kohl's Corp. and Kohl's DSI knew or should have known SCM would suffer in Nevada.  Kohl's Corp. and Kohl's DSI certainly do business in Nevada through the Kohl's Stores and over the

1   Internet via the Kohl's Website, and Kohl's Corp.'s and Kohl's DSI's business and commercial

2   activities in Nevada amount to substantial, continuous, and systematic contacts with Nevada.

3        13.   This Court has in-personam jurisdiction over Kohl's Corp. and Kohl's DSI

4   pursuant to NRS § 14.065.

5        14.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a

6   substantial part of the events giving rise to the claims at issue in this action occurred in this

7   judicial district.

8   ## IV.   GENERAL ALLEGATIONS

9        15.   SCM is a wholesale and retail distributor of apparel and other goods which are

10   marketed, promoted and sold under the SCM Mark (the "SCM Distribution").  In addition, SCM

11   operates an interactive website through the domain name www.sincityms.com (the "SCM

12   Website") through which, among other things, it engages in the SCM Distribution.  Further,

13   SCM regularly participates at numerous organized racing events at the Las Vegas Motor

14   Speedway and throughout the nation (the "SCM Events") in support of the SCM Distribution.

15   SCM commenced operations in or about 2005.

16        16.   Through SCM's operations, SCM engages in considerable business and

17   commercial activities with national and international consumers, including, without limitation,

18   attendees at NASCAR®, NHRA®, USAC®, USLCI®, and other national organized racing events, as

19   well as the extensive race, exotic car, motor sport and other events that are held at the Las Vegas

20   Motor Speedway and throughout the country.  Through the SCM Distribution, the SCM Website

21   and SCM Events, SCM engages in considerable business and commercial activities including,

22   but not limited to, offering, distributing and selling apparel and other goods in association with

23   the SCM Mark (collectively, the "SCM Goods").

24        17.   In association with the SCM Goods, and through the SCM Distribution, the SCM

25   Website, and SCM Events, SCM engages in advertising, marketing, business development,

26   customer relations and promotional activities based upon the SCM Mark, through a wide

27   spectrum of nation-wide media, including, but not limited to:  television; radio; internet; print

28   mediums; electronic mediums; apparel and other mark-identified goods; and event sponsoring.

- 4 -

18.     SCM has received registration (the "SCM Mark Registration") for the SCM Mark with the United States Patent and Trademark Office's ("USPTO") Principal Register as follows:

      a.    in International Class 25, for goods associated with multiple types of apparel and clothing, registered on October 2, 2007; and

      b.    in International Class 16, for goods associated with stickers, registered on October 2, 2007.

The SCM Mark bears USPTO Registration No. 3,300,822, a true and accurate copy of which is attached hereto and incorporated herein by this reference as **Exhibit A**.

19.     SCM began using the SCM Mark on or about January 25, 2005 and first began using the SCM Mark in commerce on or about December 8, 2005.

20.     The SCM Registration is evidence of SCM's exclusive right to use the SCM Mark.

21.     Through SCM's offering of the SCM Goods, in association with the SCM Mark, including, but not limited to, through SCM's business activities, advertising, marketing, business development, customer relations and promotional activities for the SCM Distribtuion, the SCM Website, and SCM Events, the SCM Mark has obtained considerable success and growth as the mark representative of SCM, such that consumers are highly likely to associate the SCM Mark with SCM and SCM's business operations and commercial activities.

22.     Upon information and belief, Kohl's Corp. directly operates the Kohl's Stores. Upon further information and belief, Kohl's Illinois asserts ownership of, and rights to, all marks associated with, licensed by, and/or used by Kohl's, including, without limitation, the Infringing Mark.  Upon further information and belief, Kohl's DSI asserts ownership of and operational rights in and to the Kohl's Website.  Both Kohl's Illinois and Kohl's DSI are wholly owned subsidiaries of Kohl's Corp.

23.     In or about June 2012, SCM learned that Kohl's was using the Infringing Mark to advertise, promote, market and sell certain apparel (the "Infringing Goods") through at least the Kohl's Stores and the Kohl's Website, and to advertise, promote and market the Infringing Goods (the "Infringing Marketing").

24.     Upon information and belief, Kohl's infringing uses include, without limitation, the distribution of advertisements through newspaper inserts and the placement of banners, advertisements, placards, signage and other visual promotional materials throughout at least the Kohl's Stores and the Kohl's Website.   Additionally, Kohl's has used the Infringing Mark in association with offering to sell, distributing and selling apparel and other goods.   True and accurate examples of Kohl's Infringing Marketing and Infringing Goods are attached hereto as **Exhibit B**.

25.     In addition, Kohl's has unlawfully utilized the SCM Mark including, but not limited to, through Kohl's conspicuous placement of the Infringing Mark on the Kohl's Website, and by inclusion of the Infringing Mark in buried code or metadata to provide a means by which users of the Internet can search and access the Kohl's Website and the Infringing Marketing on the Internet, and by which consumers that visit the Kohl's Website can locate and purchase the Infringing Goods.

26.     Kohl's uses the Infringing Mark as alleged herein to profit from the fame and goodwill of the SCM Mark, the SCM Goods, and from SCM's marketing, advertising and promotional efforts.

27.     Kohl's had either actual or constructive notice of SCM's prior use and exclusive rights in and to the SCM Mark.

28.     Kohl's is not affiliated with SCM, and SCM has not authorized, approved or licensed Kohl's to use or register in any manner the SCM Mark, or any variants thereof, including in particular the Infringing Mark.

29.     Kohl's continued unlawful use of the Infringing Mark will cause consumers and the public to improperly conclude that SCM sponsors and/or is affiliated with Kohl's, the Kohl's Stores, and/or the Kohl's Website, and that SCM sponsors and/or has licensed the Infringing Goods and the Infringing Marketing.

30.     The goodwill inuring to SCM from the SCM Mark is diminished by any implication of apparent affiliation between SCM, Kohl's, the Kohl's Stores, and/or the Kohl's Website.

31.     Kohl's concerted acts:  (a) have deceived and confused consumers and the public and will continue to deceive and confuse consumers and the public; (b) constitute a false designation of goods and services; (c) falsely suggest a connection with SCM or with SCM's sponsorship, licensing, permission or approval of the Infringing Goods and the Infringing Marketing; (d) damage the value of the SCM Mark by diminishing its effectiveness as an indicator of source; and (e) remove from SCM the ability to control its own marks and goodwill.

32.     Kohl's uses the Infringing Mark in interstate commerce, including, but not limited to, through the Kohl's Stores and the Kohl's Website, in connection with the Infringing Goods and the Infringing Marketing.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### (Federal Mark Infringement – 15 U.S.C. § 1114(1))

33.     SCM realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 32 as if fully set forth herein.

34.     SCM holds federal registrations for the SCM Mark Registration, and SCM is the owner of the SCM Mark.

35.     By virtue of its uses of the Infringing Mark, Kohl's is using in interstate commerce a copy or colorable imitation of the SCM Mark in connection with at least the Infringing Goods and the Infringing Marketing, which uses are likely to cause confusion, or to cause mistake, or to deceive.  Kohl's actions constitute mark infringement in violation of 15 U.S.C. § 1114(1).

36.     As a result of Kohl's actions as alleged herein, SCM has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Kohl's profits at SCM's expense.

37.     Kohl's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable harm to SCM in an amount which cannot be ascertained, leaving SCM with no adequate remedy at law.

///

38.     Unless Kohl's actions are preliminarily and permanently enjoined, SCM is likely to sustain immediate and irreparable injury for which it does not have an adequate remedy at law.

39.     By reason of the foregoing, SCM is entitled to preliminary and permanent injunctive relief against Kohl's pursuant to 15 U.S.C. § 1116.

40.     Pursuant to 15 U.S.C. § 1117(c), SCM is entitled to recover statutory damages of not less than $500.00 or more than $100,000.00 per counterfeit mark per type of goods sold, offered for sale or distributed, as the Court considers just, in association with Kohl's violations of 15 U.S.C. § 1114(1).

41.     Pursuant to 15 U.S.C. §§ 1117(a) and 1117(b), SCM is also entitled to an award of treble damages, attorney's fees and costs, as Kohl's actions as alleged herein were willful, egregious and otherwise exceptional, in association with Kohl's violation of 15 U.S.C. § 1114(1) with respect to the SCM Mark.

## SECOND CLAIM FOR RELIEF

### (Mark Infringement and Unfair Competition – 15 U.S.C. § 1125(a))

42.     SCM realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 41 as if fully set forth herein.

43.     Kohl's uses of the Infringing Mark in interstate commerce, in connection with at least the Infringing Goods and the Infringing Marketing, are likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of such goods and/or commercial activities of Kohl's with SCM, or as to the origin, sponsorship, or approval of such goods and/or commercial activities of Kohl's by SCM.

44.     Kohl's uses of the Infringing Mark constitute unfair competition and common law mark infringement in violation of 15 U.S.C. § 1125(a).

45.     As a result of Kohl's actions as alleged herein, SCM has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Kohl's profits at SCM's expense.

///

46.     Kohl's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable harm to SCM in an amount which cannot be ascertained, leaving SCM with no adequate remedy at law.

47.     Unless Kohl's actions are preliminarily and permanently enjoined, SCM is likely to sustain immediate and irreparable injury for which it does not have an adequate remedy at law.

48.     By reason of the foregoing, SCM is entitled to preliminary and permanent injunctive relief against Kohl's pursuant to 15 U.S.C. § 1116.

49.     SCM is entitled to recover Kohl's profits derived from the use of the Infringing Mark, and any damages SCM has suffered by reason thereof, pursuant to 15 U.S.C. § 1117(a).

50.     Pursuant to 15 U.S.C. §§ 1117(a) and 1117(b), SCM is also entitled to an award of treble damages, attorney's fees and costs, as Kohl's actions as alleged herein were willful, egregious and otherwise exceptional, in association with Kohl's violation of 15 U.S.C. § 1125(a) with respect to the SCM Mark.

## THIRD CLAIM FOR RELIEF

### (Common Law Mark Infringement)

51.     SCM realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 50 as if fully set forth herein.

52.     Kohl's uses of the Infringing Mark in interstate commerce, in connection with at least the Infringing Good and the Infringing Marketing, are likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of such goods and/or commercial activities of Kohl's with SCM, or as to the origin, sponsorship, or approval of such goods and/or commercial activities of Kohl's by SCM.

53.     Kohl's actions as alleged herein constitute trademark infringement in violation of the common law of the State of Nevada.

54.     As a result of Kohl's actions as alleged herein, SCM has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Kohl's profits at SCM's expense.

55. Kohl's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause great and irreparable harm to SCM in an amount which cannot be ascertained, leaving SCM with no adequate remedy at law.

56. Unless Kohl's actions are preliminarily and permanently enjoined, SCM is likely to sustain immediate and irreparable injury for which it does not have an adequate remedy at law.

57. By reason of the foregoing, SCM is entitled to preliminary and permanent injunctive relief against Kohl's.

58. SCM is entitled to recover Kohl's profits derived from the use of the Infringing Mark, and any damages SCM has suffered by reason thereof.

59. Kohl's actions constitute conduct of an intentional, willful and wanton nature, such that SCM should be awarded punitive and/or exemplary damages in an amount sufficient to make an example of Kohl's and to punish Kohl's for its oppressive, fraudulent and malicious conduct, pursuant to NRS § 42.005 and other operation of law.

60. Kohl's actions as alleged herein have caused SCM to retain counsel to prosecute this action, and SCM is entitled to recover its attorneys' fees and costs incurred herein.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

61. SCM realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 60 as if fully set forth herein.

62. SCM owns the SCM Mark and has the legal rights to the Infringing Mark.

63. Kohl's has no authority to use the Infringing Mark.

64. Kohl's uses of the Infringing Mark as alleged herein were and continue to be in furtherance of Kohl's own economic gain and to the economic detriment of SCM.

65. As a result of Kohl's actions as alleged herein, SCM has suffered and will continue to suffer damage to its business, goodwill, reputation, and profits, while Kohl's profits at SCM's expense.

///

- 10 -

66.     Kohl's has accepted and retained all of the profits and benefits of its unauthorized uses of the Infringing Mark.

67.     SCM is entitled to recover all amounts by which Kohl's has been unjustly enriched through Kohl's unauthorized use of the Infringing Mark.

68.     Kohl's actions constitute conduct of an intentional, willful and wanton nature, such that SCM should be awarded punitive and/or exemplary damages in an amount sufficient to make an example of Kohl's and to punish Kohl's for its oppressive, fraudulent and malicious conduct, pursuant to NRS § 42.005 and other operation of law.

69.     Kohl's actions as alleged herein have caused SCM to retain counsel to prosecute this action, and SCM is entitled to recover its attorneys' fees and costs incurred herein.

## V.     PRAYER FOR RELIEF

WHEREFORE, SCM prays for entry of judgment and relief against Kohl's as follows:

1.     That Kohl's, and each of its officers, agents, servants, employees, parents, subsidiaries, related companies, partners, and all persons acting for, with, by, through or under it, shall be preliminarily and thereafter permanently enjoined and restrained from:

a.     directly or indirectly infringing the SCM Mark by marketing, offering, selling, distributing, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting, or causing the marketing, offering, selling, distributing, disposing, licensing, leasing, transferring, displaying, advertising, reproducing, exhibiting, exploiting, developing, manufacturing or linking of any goods or services derived from or bearing the SCM Mark, or to order, direct, participate or assist in any such activity;

b.     using in any manner the SCM Mark and any term or terms likely to cause confusion therewith, including, without limitation, the Infringing Mark and any and all variants thereof in the possession or control of Kohl's, as a domain name, directory name, or other such computer address, as the name of a website, or in text, buried code or metatags on a website, including, but not limited to, in conjunction with the Kohl's Website, or in connection with the retrieval of data or information on goods and/or commercial activities offered in association with the Infringing Mark, or in connection with the advertising or promotion of goods and/or

- 11 -

commercial activities in association with the Infringing Mark, or ordering, directing, participating or assisting in any such use; and

           3.     importing any goods or materials that use the Infringing Mark, or any variants thereof, into the United States.

      2.     That Kohl's be directed to preserve, retain and deliver to SCM's counsel, in hard copies or electronic copies, all evidence and documentation relating in any way to Kohl's uses of the Infringing Mark, or the SCM Mark or any variants thereof, in any form, including, without limitation, all such evidence and documentation relating to:  (a) all uses related to the Infringing Goods and the Infringing Marketing; (b) all uses in the Kohl's Stores and the Kohl's Website; (c) all uses in any other mediums in which such marks have been used; (d) the names and addresses (electronic mail or otherwise) of any person or entity with whom Kohl's has communicated to facilitate and support its uses of the Infringing Mark, including, without limitation, with regard to the manufacturing, importing, distributing, marketing, advertising or selling of Infringing Goods or Infringing Marketing; and (e) all financial evidence and documentation relating to Kohl's uses of the Infringing Mark in association with the Infringing Goods, the Infringing Marketing, the Kohl's Stores and the Kohl's Website.

      3.     That Kohl's be ordered to segregate and deliver to SCM's counsel any and all Infringing Goods and Infringing Marketing materials pursuant to 15 U.S.C. § 1118, and that SCM be entitled to destroy same.

      4.     That a copy of any preliminary and permanent injunctive relief entered by this Court be lodged with the United States Department of the Treasury and customhouses of the United States pursuant to 15 U.S.C. § 1124.

      5.     That Kohl's be directed to file with this Court, and serve upon SCM's counsel, within thirty (30) days after entry of preliminary injunctive relief against Kohl's, a report in writing under oath setting forth in detail the manner and form by which Kohl's complied with the preliminary injunctive relief ordered herein, pursuant to 15 U.S.C. § 1116(a).

      6.     That Kohl's be ordered to produce an accounting of its profits derived through any of the acts alleged herein, including, without limitation, mark infringement and unfair

- 12 -

competition in violation of the Lanham Act, and any mark infringement and unjust enrichment pursuant to Nevada common law.

7.  That SCM be awarded statutory damages of not less than $500.00 or no more than $100,000.00 per counterfeit mark per type of services sold, offered for sale or distributed, in association with Kohl's violation of 15 U.S.C. § 1114(1).

8.  That SCM recover Kohl's profits derived from all uses of the Infringing Mark, and any damages suffered by reason thereof, resultant from Kohl's wrongful acts complained of herein, pursuant to 15 U.S.C. § 1117(a) and other operation of law.

9.  That SCM be awarded three times Kohl's profits and three times SCM's damages suffered by reason of Kohl's willful and wrongful acts as complained of herein, pursuant to 15 U.S.C. §§ 1117(a) and (b).

10.  That SCM be awarded punitive and/or exemplary damages in an amount sufficient to make an example of Kohl's and to punish Kohl's for its oppressive, fraudulent and malicious conduct, pursuant to NRS § 42.005 and other operation of law.

11.  That SCM be awarded its reasonable attorneys' fees incurred as a result of Kohl's willful, wrongful and exceptional acts as alleged herein, pursuant to 15 U.S.C. §§ 1117(a) and (b) and other operation of law.

12.  That SCM be awarded the costs of this action.

13.  That SCM be awarded such other and further relief as this Court deems just and equitable.

///
///
///
///
///
///
///
///

07266-02/903743.doc

1

## VI.  JURY DEMAND

2    SCM hereby demands trial by jury in this action pursuant to Fed. R. Civ. P. 38 and LR

3  38-1.

4    DATED this 22nd day of June, 2012.

5                                              **COTTON, DRIGGS, WALCH,**
                                              **HOLLEY, WOLOSON & THOMPSON**

6

7                                              _____/s/ James D. Boyle_____
                                              JAMES D. BOYLE, ESQ.
8                                              Nevada Bar No. 08384
                                              KIMBERLY J. COOPER, ESQ.
9                                              Nevada Bar No. 09533
                                              400 South Fourth Street, Third Floor
10                                             Las Vegas, Nevada 89101

11                                             *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 14 -

# EXHIBIT A

Int. Cls.: 16 and 25

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 39 and 50

**United States Patent and Trademark Office**

Reg. No. 3,300,822
Registered Oct. 2, 2007

## TRADEMARK
### PRINCIPAL REGISTER



SIN CITY MOTORSPORTS INCORPORATED (NEVADA CORPORATION)
4105 RUBICON PEAK COURT
LAS VEGAS, NV 89129

FOR: STICKERS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1-25-2005; IN COMMERCE 12-8-2005.

FOR: BALLOON PANTS; CAMP SHIRTS; CAPRI PANTS; CARGO PANTS; DENIMS; GOLF SHIRTS; HATS; HEADGEAR, NAMELY, BEANIES; JOGGING PANTS; KNIT SHIRTS; OPEN-NECKED SHIRTS; PANTS; PIQUE SHIRTS; POLO SHIRTS; SHIRT FRONTS; SHIRTS; SHORT-SLEEVED OR LONG-SLEEVED T-SHIRTS; SHORT-SLEEVED SHIRTS; SMALL HATS; SPORT SHIRTS; SPORTS SHIRTS; SPORTS SHIRTS WITH SHORT SLEEVES; SWEAT PANTS; SWEAT SHIRTS; T-SHIRTS; TRACK PANTS; WATERPROOF JACKETS AND PANTS; WIND SHIRTS; WOOLLY HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-25-2005; IN COMMERCE 12-8-2005.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "SIN CITY", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A STYLIZED "S" AND "C" WITH SIN CITY ABOVE AND MOTORSPORTS BELOW.

SER. NO. 77-035,285, FILED 11-2-2006.

DOMINIC J. FERRAIUOLO, EXAMINING ATTORNEY

# EXHIBIT B



# BONUS BUYS

## TAKE an extra 30% 20% or 15

Prices good Wed., June 6-Tues., June 12



**21.99**
SONOMA life + style® sport shirts for men.
Orig. $46-$48
Select styles

**50% off**
all sport shirts for men...



**12.99**
All Croft & Barrow® striped piqué polos for men.
Orig. $34

**50% off**
all knit tops for men...



**17.99**
All Croft & Barrow®...

**19...**



Newport Blue swim tees for men.

**9.99**
graphic and newport blue tees for men...

SONOMA life + style® graphic tees for men.

SONOMA life + style® vintage crewneck for men.

sonoma life + style

*Kohl's Charge Offer is valid on all sale, regular and even clearance-priced merchandise when you use your Kohl's Charge. Wed., June 6-Wed., June 13. See page 40 for details.







casual is a

personal philosophy

**KOHL'S** SIZE LARGE
Kohls.com 800 TX ORANGE
SIN CITY
STYLE: KO74071
353   60   61

8 55522 05191 3

MENS KNIT
$24.00



**KOHL'S**
expect great things

search by keyword or web id

sign in    my account    order status    customer service

gift shop    gift cards    gift registry    today's ad    today's deals    store locator    my kohl's charge

shopping bag          items: 0 total: $0.00

for the home    bedding    women    swim    men    teens    kids & baby    toys    shoes    jewelry & watches    sports fan shop    clearance

**FREE SHIPPING** EVERY DAY    Free standard shipping with $75 purchase. No exclusions. No Promo Codes. details    REDEEM YOUR kohl's cash

Home ▸ Top Brands ▸ Men ▸ SONOMA life + style ▸ Graphic Tees ▸ SONOMA life + style® "Sin City Motorsports" Tee



More Views

**SONOMA life + style® "Sin City Motorsports" Tee**
sale $11.99
original $24.00

Like   0

☆ ☆ ☆ ☆ ☆
Be the first to write a review

**Product Questions & Answers**
Be the first to ask a question

Select Size:

S   M   L   XL   XXL

Size & Fit Information

Work is play. This motorcycle men's graphic tee from SONOMA life + style is perfect for everyday wear. In orange.

- Tag-free neckline feels smooth on your skin.
- Details:
  - Crewneck
  - Short sleeves
  - Cotton
  - Machine wash
  - Imported

· only at · **KOHL'S**

quantity:  1

sale $11.99

Add to Bag

✉ e-mail to a friend

email alerts    contact us    about us    store locator

product guides    careers    store survey    returns    recalls    site map    our websites    shipping    investor relations

© 2012-2013 Kohl's Illinois, Inc., Kohl's® and Kohl's brand names are trademarks of Kohl's Illinois, Inc. Please read our Security & Privacy Policy, California Privacy Rights, Legal Notices, and Socially Responsible Product Sourcing.

Show Categories by: Popularity | Our Choices | All-Round Favorites | Title | Featured [+]



# KOHL'S
expect great things

search by keyword or web id

sign in    my account    order status    customer service

gift shop    gift cards    gift registry    today's ad    today's deals    store locator    my kohl's charge

shopping bag          items: 0 total: $0.00

for the home    bedding    women    swim    men    teens    kids & baby    toys    shoes    jewelry & watches    sports fan shop    clearance

**FREE SHIPPING** EVERY DAY    Free standard shipping with $75 purchase. No exclusions. No Promo Codes. details    REDEEM YOUR Kohl's **cash** in store, online & at the kiosk. details

**Home** ▸ **Top Brands** ▸ **Men** ▸ **SONOMA life + style** ▸ **Graphic Tees** ▸ SONOMA life + style® "Sin City Motorsports" Tee



· only at · **KOHL'S**

quantity:  1

sale $11.99

Add to Bag

✉ **e-mail to a friend**

More Views

- Crewneck
- Short sleeves
- Cotton
- Machine wash
- Imported

email alerts          contact us          about us          store locator

product guides    careers    store survey    returns    recalls    site map    our websites    shipping    investor relations

© 2012-2013 Kohl's Illinois, Inc., Kohl's® and Kohl's brand names are trademarks of Kohl's Illinois, Inc. Please read our Security & Privacy Policy, California Privacy Rights, Legal Notices, and Socially Responsible Product Sourcing.

Show Categories by: Popularity | Our Choices | All-Round Favorites | Title | Featured [+]